DYNETECH CORPORATION, Globaltec Solutions, LLP, Plaintiffs,

v.

LEONARD FITNESS, INC., Justin Leonard, Defendants.

No. 6:07–cv–114–Orl–28DAB.

United States District Court, M.D. Florida, Orlando Division.

Nov. 26, 2007.

Myra Nicholson, Stephen V. Rosin, Dynetech Corporation, Orlando, FL, for Plaintiffs.

Deepak Gupta, Gregory A. Beck, Public Citizen Litigation Group, Washington, DC, Robert W. Murphy, Law Office of Robert W. Murphy, Ft. Lauderdale, FL, for Defendants.

## ORDER

JOHN ANTOON, II, District Judge.

Plaintiffs have brought the instant action alleging, inter alia, trademark infringement against two non-resident Defendants. The claims arise from websites operated by the Defendants. This cause is currently before the Court on Defendants' Motion to Dismiss (Doc. 19). Defendants contend that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) due to lack of personal jurisdiction, and they further argue that the complaint fails to state a cause of action and is subject to dismissal under Rule 12(b)(6). Plaintiffs have filed a Response (Doc. 27) to the motion, and with permission of the Court (*see* Docs. 28 & 29) Defendants have filed a Reply (Doc. 30). Having considered the parties' submissions, the Court concludes that the Defendants' motion must be granted on the basis of lack of personal jurisdiction.[1]

---

1. Because the motion is well-taken with regard to the issue of personal jurisdiction, Defendants' other arguments for dismissal need not be addressed.

██ The plaintiff bears the burden of establishing a prima facie case of personal jurisdiction by "[p]resent[ing] enough evidence to withstand a motion for directed verdict." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino,* 447 F.3d 1357, 1360 (11th Cir.2006) (citations and internal quotation omitted). If "the defendant submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Id.*

"The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis by the federal courts." *Cable/Home Commc'n Corp. v. Network Prods., Inc.,* 902 F.2d 829, 855 (11th Cir. 1990). First, the court "must examine the jurisdictional issue under the state long-arm statute." *Id.* Second, the court "must ascertain whether or not sufficient minimum contacts exist to satisfy the Due Process Clause ... so that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (citations and internal quotations omitted). "Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant." *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir.1990).

Plaintiff has not met its burden of establishing a basis for the exercise of personal jurisdiction by this Court over the Defendants. The Complaint contains no allegations whatsoever supporting personal jurisdiction, merely stating vaguely that "[t]he Court has personal jurisdiction over

the parties and venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c)" (Doc. 1 ¶ 6); these statutory provisions pertain to venue only. In their motion, Defendants do not challenge satisfaction of the Florida long-arm statute[2]; they focus solely on the due process inquiry. (*See* Doc. 19 at 7–12 & n. 6). Defendants have submitted a declaration by Defendant Justin Leonard (Attach. to Doc. 19) in support of their motion, and Plaintiffs have failed to meaningfully rebut the statements in that declaration or to otherwise show how the exercise of jurisdiction over these non-resident Defendants could comport with due process.

██ "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). "In a case involving specific jurisdiction, a defendant's contacts with the forum state must satisfy three criteria: they 'must be related to the plaintiff's cause of action or have given rise to it'; they must involve 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum'; and they 'must be such that the defendant should reasonably anticipate being haled into court there.'" *Sloss Indus. Corp. v. Eurisol,* 488 F.3d 922, 925 (11th

2. Defendants apparently concede that they are subject to specific personal jurisdiction under section 48.193(1)(b), Florida Statutes, which provides for jurisdiction in this state over any person who "commit[s] a tortious act within this state" where the cause of action arises from that act. *See Nida Corp. v.*

*Nida.* 118 F.Supp.2d 1223, 1228 (M.D.Fla. 2000). The Court agrees that there is no basis to conclude that the Defendants have sufficient connection to Florida to be subject to general jurisdiction via "substantial and not isolated activity within this state." *See* § 48.193(2), Fla. Stat.

Cir.2007) (quoting *McGow v. McCurry*, 412 F.3d 1207, 1214 (11th Cir.2005)).

■ The Supreme Court has emphasized that "the foreseeability that is critical to due process analysis is ... that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). "[T]he minimum contacts must be 'purposeful' contacts. The requirement for purposeful minimum contacts helps ensure that non-residents have fair warning that a particular activity may subject them to litigation within the forum." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed.Cir.1994) (citations omitted).

■ Plaintiffs have not met their burden of establishing that the Defendants have meaningful, purposeful contacts with the state of Florida so as to support personal jurisdiction. Plaintiffs attempt to find sufficient contacts through Defendants' websites, but this effort is unavailing. Although the websites give rise to Plaintiffs' cause of action, the other two criteria set forth in *Sloss* are not met; Plaintiffs have not presented evidence that the Defendants have "purposefully availed" themselves of the privilege of conducting activities with Florida or that they could reasonably anticipate being haled into court here. *See Sloss*, 488 F.3d at 925.

On two prior occasions, this Court has ruled—agreeing with several other courts—"that the Internet does not provide cause to abandon traditional principles guiding the personal jurisdictional analysis." *Goforit Entm't. LLC v. Digimedia.com L.P.*, No. 6:06–cv–816–Orl–28KRS, 2007 WL 2871900, at *2 (M.D.Fla.

Aug. 10, 2007) (citing *Instabook Corp. v. Instantpublisher.com*, 469 F.Supp.2d 1120 (M.D.Fla.2006), and *Shamsuddin v. Vitamin Research Prods.*, 346 F.Supp.2d 804 (D.Md.2004)). Plaintiffs attempt to rely on "prior versions of Defendants' websites," through which consumers allegedly *could* purchase products. However, "prior versions" of websites are not appropriately relied upon in this analysis. Moreover, in making this argument Plaintiffs rely on the "sliding scale" analysis set forth in *Zippo Manufacturing Co. v. Zippo Dot Com. Inc.*, 952 F.Supp. 1119 (W.D.Pa. 1997), under which a website's "interactivity" determines the appropriateness of the exercise of personal jurisdiction. However, in its prior rulings this Court noted that *Zippo*'s "appeal has not been universal" and that the focus should properly remain on traditional jurisdictional principles even where the lawsuit involves Internet activity.[3] *Instabook*, 469 F.Supp.2d at 1125; *Goforit*, 2007 WL 2871900, at *2. Even if "prior versions" of websites were considered here, the possibility that Florida consumers could purchase products through that website would not amount to a purposeful contact under traditional jurisdictional principles.

Plaintiffs also rely on links that appear on Defendants' websites to merchants "that sell products or services directly from Defendants' websites" and "also sell products or services in Florida." (Doc. 27 at 9). However, the fact that the website of a company that sells products in Florida can be reached via a link on Defendants' website is too narrow a thread on which to find a meaningful "contact" for the purposes of due process.

Plaintiffs identify no other alleged "contacts" by Defendants with Florida. It is undisputed that Defendant Justin Leonard

---

**3.** In any event, there is no evidence that the websites at issue here are "active" enough to support jurisdiction even under the *Zippo* analysis.

is an Arizona resident and that his corporation, Defendant Leonard Fitness, Inc., is a Nevada corporation. (*See* Justin Leonard Decl., Attach, to Doc. 19, ¶¶ 1–2). It is also undisputed that the subject websites were created in. and are operated from, Arizona. (*Id.* ¶ 15). Plaintiffs have not presented any evidence of any purposeful availment of the privilege of conducting activities in Florida. While these websites likely are as accessible from Florida as they are from any other state or anywhere in the world where Internet access is available, such accessibility does not amount to "purposeful availment" of conducting activities with Florida. *See Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.,* 395 F.3d 1275, 1281 (Fed.Cir.2005) (pointing out that the defendant's website was "not directed at customers in the District of Columbia, but instead is available to all customers throughout the country who have access to the Internet"). Moreover, Defendants could not reasonably anticipate being haled into court in this state.

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendants' Motion to Dismiss (Doc. 19) is **GRANTED** on the basis of lack of personal jurisdiction. This case is **DISMISSED** on that basis. The Clerk shall close this file.

**DONE** and **ORDERED.**